UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JAIME RODRIGUEZ,

    Petitioner,        Civ. No. 17-12590 (NLH)

  v.                  OPINION

DAVID ORTIZ,

    Respondent.

APPEARANCE:
Jaime Rodriguez, No. 34911-054
FCI – Fort Dix
P.O. Box 2000
Joint Base MDL, NJ 08640
    Petitioner Pro se

HILLMAN, District Judge

    Petitioner Jaime Rodriguez, a prisoner presently incarcerated at the Federal Correctional Institution ("FCI") at Fort Dix, in Fort Dix, New Jersey, filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, in which he seeks to challenge the prison's policies regarding the revocation of privileges and clothing storage. ECF No. 1. The Petitioner has paid the required habeas filing fee.[1]

---

[1] The Court initially administratively terminated this matter because the Petitioner had failed either to pay the filing fee or submit an application to proceed in forma pauperis. See ECF Nos. 2 (opinion), 3 (order). Petitioner paid the filing fee within the time outlined in the Court's order and also submitted a letter requesting that the Court reopen his case. See ECF No. 4.

At this time, the Court will review the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, (amended Dec. 1, 2004), made applicable to § 2241 petitions through Rule 1(b) of the Habeas Rules. See also 28 U.S.C. § 2243. For the reasons expressed below, this Court will dismiss the Petition for lack of jurisdiction.

I. **BACKGROUND**

Petitioner raises two claims for relief in his Petition. First, Petitioner seeks an end to what he describes as arbitrary punishment inflicted upon Rodriguez and other inmates, in the nature of the revocation of privileges, as a result of the actions of only a few inmates. ECF No. 1, Pet. at 3. Petitioner asserts that such punishment lacks constitutional due process. Id. at 1. Petitioner's second claim seeks to end the prison's "irrational and unhygienic" requirement of storing outerwear such as jackets and coats inside closed lockers instead of hanging outside the locker on a hook, a practice permitted at other BOP facilities. Id. at 2, 10. Petitioner argues that such clothing becomes dirty and may foster the spread of disease and parasites when it is stored inside the inmate's locker along with clean clothing and food items. Id. at 11. Further compounding the problem, according to Petitioner, is that inmates are prohibited from washing the jackets and other outerwear in the laundry machines provided in

an inmate's housing unit.  Id. at 5.  Petitioner asserts that the policy related to outerwear violates the Eighth Amendment's prohibition against cruel and unusual punishment.  Id. at 2, 11.

**II. DISCUSSION**

**A. Legal Standard**

United States Code Title 28, Section 2243, provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition must be construed liberally.  See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Denny v. Schultz, 708 F.3d 140, 148 n.3 (3d Cir. 2013); see also 28 U.S.C. § 2243.

**B. Analysis**

Federal habeas corpus relief is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention."  Leamer v. Fauver, 288 F.3d 532,

3

540 (3d Cir. 2002). See Bonadonna v. United States, 446 F. App'x 407 (3d Cir. 2011). Petitioner's allegations regarding the revocation of privileges and the outerwear policy do not "spell speedier release," and thus does not lie at the "'the core of habeas corpus.'" Wilkinson v. Dotson, 544 U.S. 74, 82 (2005) (quoting Preiser v. Rodriguez, 411 U.S. 475, 489 (1973)). See also Leamer, 288 F.3d at 542-44. Petitioner is not seeking a speedier release from his incarceration. Instead, he seeks only to change the policies at FCI Fort Dix regarding the revocation of privileges and the storage of outerwear, which he asserts are unconstitutional. Petitioner must proceed through a civil rights action to challenge these policies.

Based on the foregoing, the Court finds that it lacks jurisdiction under § 2241 over the instant habeas petition. See Bonadonna, 446 F. App'x at 409 (affirming dismissal for lack of jurisdiction of habeas petition that sought to challenge prison's footwear policy). Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. The Court finds that it is not in the interests of justice to transfer the Petition because there is no court in which the Petitioner may maintain such claims as a habeas petition. Petitioner is free

4

to file a civil rights action to challenge the policies at issue on his own.

**III. CONCLUSION**

For the foregoing reasons, the Petition will be dismissed for lack of jurisdiction.  An appropriate order follows.


Dated: April 6, 2018                     s/ Noel L. Hillman
At Camden, New Jersey               NOEL L. HILLMAN, U.S.D.J.